UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Tek Leaders Inc.,<br><br>       **Plaintiff,**<br><br>v.<br><br>NavigatorSVRS, Inc. d.b.a. NavigatorCRE<br><br>       **Defendant.** | NO. 4:25-CV-01083-JCB |

**DEFENDANT NAVIGATORSVRS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant, NavigatorSVRS, Inc. d.b.a. NavigatorCRE ("Defendant" or "Navigator"), by and through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure, files its Answer and Affirmative Defenses to Plaintiffs' Tek Leaders Inc. ("Plaintiff") Original Complaint. All allegations in the Original Complaint, including the relief sought, are denied except when specifically admitted. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant respectfully refers this Court to those materials for a complete and accurate statement of their contents and denies any allegations inconsistent therewith; such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action. In response to the Original Complaint, Defendant admits, denies, or otherwise states as follows:

   Plaintiff's complaint begins with an unnumbered preamble or introductory paragraph to which no response is required. To the extent the preamble contains factual allegations and a

response is deemed required, Defendant admits that Plaintiff seeks to bring an action against the Defendant.

## I. DISCOVERY CONTROL PLAN

1. Paragraph 1 sets forth Plaintiff's request regarding discovery levels under the Texas Rules of Civil Procedure, and thus consists of legal conclusions to which no response is required.

## II. PARTIES AND SERVICE

2. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations, and therefore denies them.

3. Defendant admits that it is an entity operating in Seattle, Washington with its principal place of business at 500 Union Street, Suite 520, Seattle. Washington 98101. Defendant denies that it was served through its registered agent.

## III. JURISDICTION AND VENUE

4. Paragraph 4 sets forth Plaintiff's assertion of jurisdiction, and thus consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies.

5. Paragraph 5 sets forth Plaintiff's assertion of standing, and thus consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies.

6. Paragraph 6 sets forth Plaintiff's assertion of damages within jurisdiction, and thus consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies.

7. Paragraph 7 sets forth Plaintiff's assertion of proper venue, and thus consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies.

## IV.  RULE 47 DISCLOSURES

8. Paragraph 8 sets forth Plaintiff's assertion of standing, and thus consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies.

## V.  FACTUAL BACKGROUND

9. Defendant admits to entering into a contract with Plaintiff. That contract, found at Exhibit A of the Original Complaint, speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that contact and denies any inconsistency therewith.

10. Defendant denies that it failed to pay for services rendered by the Plaintiff.

11.  Defendant denies that it is behind in its payments to Plaintiff as Defendant has not received the contracted product.

12. Defendant admits that it made payments to Defendant in November 2024. Defendant denies the remaining allegations in Paragraph 12.

13. Defendant denies that it is behind in its payments to Plaintiff as Defendant has not received the contracted product. Defendant denies the remaining allegations in Paragraph 13.

14. Denied.

## VI.  CAUSES OF ACTION

15. Defendant incorporates as though fully set forth herein its responses to Paragraphs 1 through 14.

16. Paragraph 16 sets forth Plaintiff's summary of elements of a breach of contract claim, and thus consists solely of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies.

17. Paragraph 17 consists of a legal conclusion, to which no response no response is required. To the extent a response is deemed required, Defendant denies.

18. Defendant admits to a valid contract between Defendant and Plaintiff. Defendant denies the remaining allegations in Paragraph 18. Paragraph 18 consists of a legal conclusion, to which no response no response is required.  To the extent a response is deemed required, Defendant denies.

19. Plaintiff refers to the terms of the contract, attached as Exhibit A of the Original Complaint, speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that contact and denies any inconsistency therewith. Defendant denies that it requested additional services outside of scope of the contract. Paragraph 19 also includes legal conclusions, to which no response no response is required.  To the extent a response is deemed required, Defendant denies.

20. Paragraph 20 consists of a legal conclusion, to which no response no response is required. To the extent a response is deemed required, Defendant denies.

## VII.  ATTORNEYS' FEES AND COURT COSTS

21. Plaintiff refers to the terms of the contract, attached as Exhibit A of the Original Complaint, speaks for itself and is the best evidence of its contents. Defendant

respectfully refers the Court to that contact and denies any inconsistency therewith.

Paragraph 21 consists of a legal conclusion, to which no response no response is required.

To the extent a response is deemed required, Defendant denies.

### VIII.  RULE 193.7 NOTICE

22. Paragraph 22 consists of a legal conclusion, to which no response no response is required.

To the extent a response is deemed required, Defendant denies.

### PRAYER

The remainder of Plaintiff's Original Complaint, including subsections a through e, contains Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

### AFFIRMATIVE DEFENSES

#### Failure to State a Cause of Action

Plaintiff's Original Complaint fails to state facts sufficient to constitute a cause of action, or any cause of action, against Defendant upon which relief can be granted.

#### Waiver

Defendant alleges that Plaintiff engaged in such conduct and activities with respect to the subject matter of this action so as to waive any claim for damages, or any other relief whatsoever against Defendant.

#### Unclean Hands

Plaintiff refused to honor its contract with Defendant by failing to perform its scope of work but comes forward with a complaint for damages against Defendant.

#### Contractual Notice and Limitation of Action

Defendant alleges that that Plaintiff's claims are barred for failure to meet or comply with contractual notice or limitation of actions provisions.

### Conditions Precedent

Defendant's duty, if it had any duty at all, to perform any conditions or covenants in any agreements has been excused on the basis of the failure of conditions precedent, concurrent and/or subsequent, which were owed by Plaintiff, and which were required to be performed prior to Defendant's own obligations of performance.

### Estoppel

Defendant alleges that Plaintiff engaged in such conduct and activities with respect to the subject matter of this action, by reason of which Plaintiff is estopped from asserting any claims or damages or seeking any relief whatsoever against Defendant.

### Offset

Defendant alleges that should it be found to have liability for any damages alleged by the Plaintiff in the above-styled action, Defendant is entitled to the rights of offset and set-off.

### Breach of Contract by Plaintiff

Defendant alleges that Plaintiff's conduct regarding its duties and rights under the contract constituted a breach of the contract, and such a breach either bars or proportionately reduces any potential recovery by Plaintiff, and/or entitles Defendant to recover any damages it has incurred as a result of Plaintiff's breach.

### Reservation of Additional Affirmative Defenses

Defendant reserves the right to include additional affirmative defenses upon the discovery of facts sufficient to support said defenses.

Dated this 23rd day of October 2025.

                                                             /s/ Drew Duggan
                                                             Drew Duggan
                                                             Admitted *Pro Hac Vice*
                                                             Smith Currie Oles LLP
                                                             600 University St, Suite 1800
                                                             Seattle, WA 98101
                                                             Phone: (206) 623-3427
                                                             Email: dfduggan@smithcurrie.com

                                                             James Creedon
                                                             Bar Number: 24092299
                                                             Scales LLP
                                                            2261 Market Street STE 85604
                                                            San Francisco, CA 94114
                                                            Phone: (415) 735-5933
                                                            Email: jcreedon@scalesfirm.com

                                                            Caroline M. Brooks
                                                            Texas Bar No. 24092175
                                                            Smith Currie Oles LLP
                                                            1921 Gallows Road, Suite 850
                                                            Tysons, VA 22182
                                                            Phone: (703) 506-1990
                                                            Fax: (703) 506-1140
                                                            Email:  cmbrooks@smithcurrie.com

                                                            *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon the following via email in accordance with the Federal Rules of Civil Procedure on this 23rd day of October 2025.

C. Jake Posey
State Bar No. 24041710
jake@cposeylaw.com

Stephanie Robertson
State Bar No. 10512280
stephanie@cposeylaw.com

Caitlin Palomin
State Bar No. 24131568
caitlin@cposeylaw.com

THE POSEY LAW FIRM, P.C.
408 W. 11th, 5th Floor
Austin, Texas 78701
Telephone No.: (512) 646-0828
Facsimile No: 1+(866) 902-7153

*Attorneys for Plaintiff*

DATED: October 23, 2025

_____
Drew Duggan